**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rony Matul Sarat-Rojop, | No. CV-21-00011-TUC-JCH |
| Petitioner, | **ORDER** |
| v. | |
| Mark Brnovich, et al., | |
| Respondents. | |

Before the Court is the Report and Recommendation ("R&R") by Magistrate Judge Jacqueline M. Rateau, (Doc. 17), regarding Rony Matul Sarat-Rojop's ("Petitioner") Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the Petition be denied as untimely and dismissed with prejudice. (*See* Doc. 17.) Petitioner filed a timely objection to the R&R (Doc. 18). The Court overrules Petitioner's objection, adopts Judge Rateau's recommendation in full, and dismisses the Petition for Writ of Habeas Corpus (the "Petition") with prejudice.

**I.  STANDARD OF REVIEW**

Rule 72(b) provides that a party may serve and file *specific* written objections to a magistrate's proposed findings and recommendations. Fed. R. Civ. P. 72(b) (emphasis added). The district court, in turn, is obliged to conduct a de novo review on the portions to which a specific objection is made. *Id.* General objections to an R&R, however, are tantamount to no objection at all. *See Sullivan v. Schriro*, No. CV-04-1517-PHX-DGC, 2006 WL 1516005, at *1 (D. Ariz. May 30, 2006). Such general objections undermine the

purpose of referral to magistrate judges for resolution of issues that are not objectionable to the parties. *Id.*

## II.  STATUTE OF LIMITATIONS UNDER THE AEDPA

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is subject to both statutory tolling and equitable tolling. Statutory tolling is available for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Equitable tolling is available if a petitioner shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citation omitted).

## III.  ANALYSIS

The R&R summarized the case and detailed the relevant timeline for Petitioner's direct appeal and post-conviction relief ("PCR") proceedings. (Doc. 17 at 1-3.)

As to statutory tolling, the R&R found that Petitioner initiated his first PCR petition on April 20, 2011, and the trial court terminated his petition on October 24, 2011. Nearly eight years later, on June 14, 2019, Petitioner filed his second PCR petition; and on July 1, 2019, the state court dismissed the claim as time barred. (Doc. 17 at 5.) The R&R concluded that the second PCR petition was not entitled to statutory tolling as it was both time-barred and precluded under the Arizona Rule of Criminal Procedure 32.2(a)(3). (*Id.*)

As to equitable tolling, the R&R determined: (1) the AEDPA limitations period began to run on October 24, 2011, the date the trial court dismissed Petitioner's first PCR petition; (2) the limitations period was not subject to any equitable tolling; and (3) Petitioner's federal habeas petition is untimely by more than eight years. (*Id.* at 5–8.)

1 Furthermore, the R&R rejected Petitioner's arguments that because he is a non-English-
2 speaking petitioner, he was unaware of his claims during the running of the AEDPA
3 limitations period, and thus entitled to equitable tolling. (*Id.* at 7.) The R&R concluded that
4 Petitioner failed to establish that he pursued his rights diligently or that some extraordinary
5 circumstance stood in his way which prevented him from timely filing his petition. (*Id.*)

6 Petitioner makes no meaningful objection, provides no analysis, cites no case law,
7 and does not challenge any specific R&R finding or conclusion. (*See* Doc. 18.) Instead, the
8 Objection denounces habeas proceedings generally, summarily denies Plaintiff's claims are
9 untimely, and re-urges Plaintiff's substantive claims. (*Id.*) The Court has no obligation to
10 review Petitioner's general objections to the R&R. *See Thomas v. Arn*, 474 U.S. 140, 149
11 (1985) (no review is required for "any issue that is not the subject of an objection."). The
12 R&R is well-reasoned and thorough. The Court accepts Judge Rateau's findings and
13 conclusion.

14 Moreover, by failing to file specific objections to the R&R, Petitioner has waived
15 the right to file an appeal. *Thomas v. Arn*, 474 U.S. at 153–55. Accordingly, the Court will
16 also decline to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(1).

27 …

IV. **ORDER**

Accordingly,

**IT IS ORDERED OVERRULING** Petitioner's Objection to the Report and Recommendation. (Doc. 18.)

**IT IS FURTHER ORDERED ACCEPTING AND ADOPTING IN FULL** Magistrate Judge Jacqueline M. Rateau's Report and Recommendation (Doc. 17).

**IT IS FURTHER ORDERED DISMISSING WITH PREJUDICE** the Petition for Writ of Habeas Corpus (Doc. 1), filed pursuant to 28 U.S.C. § 2254, as time barred. In addition, no certificate of appealability shall issue and Petitioner is not authorized to appeal in forma pauperis. The Clerk shall terminate this action.

Dated this 17th day of August, 2022.

Honorable John C. Hinderaker
United States District Judge